## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

REHOBOTH MCKINLEY CHRISTIAN
HEALTHCARE SERVICES, INC.,

       Plaintiff,

v.                                        Civ. No. 10-0170 MV/RHS

UNITED STATES OF AMERICA
DEPARTMENT OF HEALTH AND HUMAN SERVICES;
PRESBYTERIAN MEDICAL SERVICES, INC.,
d.b.a. WESTERN NEW MEXICO COUNSELING;
NANCY YATES-EAMICK, and
XYZ INSURANCE COMPANY,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) or, in the Alternative, Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56(b) and Supporting Memorandum of Law [Doc. 27]. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the Motion is well-taken and will be GRANTED.

## BACKGROUND

On July 24, 2005, Keith Likhite, who had previously been diagnosed with schizophrenia and Tourette's Syndrome, was on a bus on his way from California to New York. Doc. 1 at ¶ 10. When the bus reached Gallup, New Mexico, Likhite left the bus and called 911 for help. *Id.* A Gallup Police Department officer was dispatched to the bus station, and transported Likhite to the emergency room ("ER") at Rehoboth McKinley Christian Hospital ("Rehoboth"). *Id.* At Rehoboth, a nurse and ER physician saw Likhite. The ER physician determined that Likhite

should have a mental health evaluation.  *Id.*

 At the time, Nancy Yates-Eamick was the on-call clinical counselor at the ER.  *Id.* at ¶ 11.  Yates-Eamick was an employee of Presbyterian Medical Services, Inc., d/b/a Western New Mexico Counseling ("Presbyterian").  *Id*. at ¶ 4.  Presbyterian and Rehoboth had a "memorandum of understanding" pursuant to which Presbyterian employees, including Yates-Eamick, provided mental and behavioral health services at the Rehoboth ER.  *Id.* at ¶ 9.  Presbyterian, in turn, was a federally funded community health care organization under the auspices of the Health Resources and Services Administration, a division of the United States Department of Health and Human Services ("HHS").  *Id.* at ¶ 43.

 Yates-Eamick interviewed Likhite.  Based on her professional advice and recommendations, Likhite was discharged and transported back to the bus station at 3:15 a.m.  *Id.* at ¶ 11.  Later that morning, at approximately 9:00 a.m., Likhite lay down on the railroad tracks in front of an oncoming freight train, was struck by the train, and died from his injuries.  *Id.*

 On March 24, 2006, Likhite's estate filed an action against Rehoboth in the United States District Court for the District of New Mexico ("Likhite Action"), alleging that it was professionally negligent to permit Likhite to depart the ER without mental health treatment.  *Id.* at ¶ 12.  The complaint in the Likhite Action alleged, *inter alia*, that Rehoboth was vicariously liable for Yates-Eamick's actions or failure to act.  *Id.* at ¶ 13.  Neither Yates-Eamick, Presbyterian, nor the United States was named as a defendant in the Likhite Action.

 On July 28, 2006, Rehoboth sent a letter to Presbyterian, putting Presbyterian on notice that Rehoboth "does assert its legal rights for indemnity in the event that it is held legally liable for the conduct" of Yates-Eamick or Presbyterian.  Doc. 1-5.  Presbyterian did not respond to the

letter.  Doc. 1 at ¶ 14.  At no time did Presbyterian offer "to appear, defend, . . . [or] contribute to" a settlement between the Likhite estate and Rehoboth.  *Id.* at ¶ 17.

The Court in the Likhite Action found as a matter of law that Yates-Eamick was acting as Rehoboth's agent under the doctrine of apparent authority.  *Likhite v. Rehoboth*, No. Civ. 06-227 (LCS/KBM), Memorandum Opinion and Order filed November 9, 2006 (Doc. 45).  The Court, however, ultimately made no findings as to liability, as the parties settled the case, memorializing their agreement in a Settlement and Release of Liability, dated February 8, 2007. Doc. 1 at ¶¶ 18, 20.  Rehoboth agreed to the settlement "to protect itself from the uncertainties of a jury trial and from exposure to a potential verdict in excess of the estate's final offer."  *Id.* at ¶ 18.

On July 2, 2007, Rehoboth filed a Tort Claim Notice with HHS, seeking reimbursement for the amounts incurred in litigating and settling the Likhite Action.  *Id.* at ¶ 21.  HHS sent Rehoboth a letter dated September 15, 2009, denying the claim.  *Id.* at ¶ 22.  On March 12, 2009, Rehoboth filed a request for reconsideration.  *Id.* at ¶ 23.

On February 25, 2010, Rehoboth filed the instant action for damages, naming as defendants HSS, Presbyterian, Yates-Eamick, and XYZ Insurance Company.  Doc. 1. Rehoboth's Complaint alleges four counts of indemnity: statutory indemnity (Count I), common law indemnity (Count II), active/passive indemnity (Count III), and proportional indemnification (Count V).  *Id.* at ¶¶ 25-33, 40-41.  Additionally, the Complaint alleges one count of "restatement of restitution and unjust enrichment" (Count IV), and one count of "Federally Supported Health Centers Assistance Act ("FSHCAA"), 42 U.S.C. § 233" (Count VI).  *Id.* at ¶¶ 34-39, 42-46.  Rehoboth seeks reimbursement from Defendants for all defense and settlement costs incurred in the Likhite Action, plus interest and the costs of pursuing the instant action.  *Id.*

at 10.

On July 5, 2011, Defendants filed their motion to dismiss the Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure, on the grounds of lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted, or in the alternative, for summary judgment pursuant to Rule 56(b).  Doc. 27.  Plaintiff filed its response in opposition on July 19, 2011.  Doc. 31.  Defendants filed a reply on August 22, 2011.  Doc. 42. As set forth herein, the Court finds that it lacks subject matter jurisdiction over this action, and that, even if it had jurisdiction, dismissal would be required because the Complaint fails to state a claim upon which relief can be granted.

**DISCUSSION**

I.    Legal Standard

A.    Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress."  *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citations omitted).  Plaintiff bears the burden of establishing this Court's jurisdiction over its claims.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 104 (1998).  Before considering the merits of a case, the Court is responsible for ensuring that it has subject matter jurisdiction.  *Daigle v. Shell Oil Co.*, 972 F.2d 1527, 1539 (10th Cir. 1992).

Under Rule 12(b)(1), a party may assert by motion the defense of the Court's "lack of subject-matter jurisdiction."  Fed. R. Civ. P. 12(b)(1).  Motions to dismiss for lack of subject matter jurisdiction "take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts

4

upon which the subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180

(10th Cir. 2002). On a facial attack, the Court considers the complaint's allegations to be true.

*Id.* On the other hand, when the motion challenges the factual basis for an action, the Court

"may not presume the truthfulness of the complaint's factual allegations." *Campos v. Las*

*Cruces Nursing Ctr.*, No. CIV 11-0096, 2011 WL 5238921, *4 (D.N.M. Sept. 30, 2011) (citation

omitted). Rather, the "court has wide discretion to allow affidavits, other documents, and a

limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

Reference to evidence outside the pleadings does not convert the motion to a summary judgment

motion. *Id.* If, however, the jurisdictional issues are intertwined with the merits of the case, the

Court should resolve the motion under Rule 12(b)(6) or Rule 56. *Franklin Sav. Corp. v. United*

*States*, 180 F.3d 1124, 1129 (10th Cir. 1999).

      B.    <u>Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim</u>

      Under Rule 12(b)(6), a Court may dismiss a complaint for "failure to state a claim upon

which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The nature of a Rule 12(b)(6) motion

tests the sufficiency of the allegations within the four corners of the complaint." *Mobley v.*

*McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). When considering a 12(b)(6) motion, the Court

must accept as true all well-pled factual allegations in the complaint, view those allegations in

the light most favorable to the non-moving party, and draw all reasonable inferences in the

plaintiff's favor. *Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 130

S. Ct. 1142 (2010).

      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.

Ct. 1937, 1949 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Accordingly, while the Court must take all of the factual allegations in the complaint as true, "a plaintiff armed with nothing more than conclusions" cannot survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1950.

II.    The Instant Case

    A.    The Court Lacks Subject Matter Jurisdiction.

        Plaintiff's Complaint fails to set forth any statutory basis for this Court's jurisdiction over its claims against Defendants. Plaintiff alleges that the jurisdictional requirement is met because "the events and occurrences giving rise to this action occurred in McKinley County, State of New Mexico and this action is brought against a branch of the United States government." Doc. 1 at ¶ 7. This allegation is insufficient to establish a jurisdictional grant to the federal district court to hear this case.

        In its Response, Plaintiff argues that it brought this case under the Federal Tort Claims Act, 28 U.S.C. Section 1346(b)(1) ("FTCA"). Doc. 31 at 10-11. The FTCA "is a limited waiver of the sovereign immunity of the United States government." *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 n.2 (5th Cir. 1988). "The Act itself is a grant of jurisdiction to the federal courts, reflecting the government's consent to be sued in certain situations." *Id.* Indeed, the FTCA "provides the exclusive remedy for tort actions against the federal government, its agencies, and employees." *Wexler v. Merit Sys. Prot. Bd.*, 986 F.2d 1432, 1993 WL 53548, *4 (10th Cir. 1993).

        In a suit brought under the FTCA, however, "it is beyond dispute that the United States,

6

and not the responsible agency or employee, is the proper party defendant." *Galvin*, 860 F.2d at

183. "[C]ourts have consistently held that an agency or government employee cannot be sued *eo*

*nomine* under the [FTCA]." *Id.* The "failure to name the United States as defendant in an FTCA

suit results in a fatal lack of jurisdiction." *Wexler*, 1993 WL 53548, *4 (citing *Allgeier v. United*

*States*, 909 F.2d 869, 871 (6th Cir. 1990)). Accordingly, an FTCA claim brought "against a

federal agency or employee as opposed to the United States itself must be dismissed for want of

jurisdiction." *Galvin*, 860 F.3d at 183.

Here, Plaintiff brought the instant action against HSS, Presbyterian, and Yates-Eamick.

None of these defendants is a properly named defendant in an FTCA action. Rather, only the

United States would be a proper defendant. Because Plaintiff failed to name the United States as

defendant in this FTCA action, the Court lacks subject matter jurisdiction. Accordingly, for this

reason alone, the Complaint must be dismissed under Rule 12(b)(1).

 B. <u>Plaintiff Fails to State Any Claims Upon Which Relief Can Be Granted</u>.

Plaintiff alleges claims of indemnity, restitution, and FSHCAA, 42 U.S.C. Section 233.

None of these claims can survive a 12(b)(6) motion to dismiss. Accordingly, even if Plaintiff

were able to amend its Complaint to substitute the United States as defendant, dismissal

nonetheless would be warranted.

 1. <u>Indemnity Claims</u>

The FTCA waives the sovereign immunity of the United States in its district courts for

tort claims "caused by the negligence or wrongful act or omission of any employee of the

Government while acting within the scope of his office or employment, under circumstances [in

which] the United States, if a private person, would be liable to the claimant in accordance with

the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "Section

7

1346 contains two basic principles that govern FTCA claims." *Lomando v. United States*, 667

F.3d 363, 372 (3d Cir. 2011).  First, "the FTCA does not itself create a substantive cause of

action against the United States; rather, it provides a mechanism for bringing a state law tort

action against the federal government in federal court." *Id.* (citation omitted).  Thus, the extent

of the government's liability under the FTCA is determined by reference to state law.  *Id.*  Here,

the parties appear to agree that the law of New Mexico is applicable.

Second, the government "is liable only to the extent that in the same circumstances the

applicable local law would hold a 'private person' responsible." *Id.* (citing 28 U.S.C. §

1346(b)(1)).  Specifically, the United States is answerable under the FTCA "in the same manner

and to the same extent as a private individual under like circumstances."  28 U.S.C. § 2674.  The

Tenth Circuit, in keeping with the majority of courts of appeals to have addressed the issue, has

interpreted these statutory provisions to mean that "the government's liability under the FTCA is

limited to that of a *private employer* under like circumstances."  *Haceesa v. United States*, 309

F.3d 722, 729 (10th Cir. 2002) (emphasis added).  "The Supreme Court likewise has described

the United States' role under the FTCA as equivalent to that of an employer answering under

*respondeat superior* liability."  *Lomando*, 667 F.3d at 374 (citing *Gutierrez de Martinez v.

Lamagno*, 515 U.S. 417, 427 (1995)).  Indeed, the text of the FTCA itself "shadows precisely the

common law of *respondeat superior* liability."  *Id.*

Applying these principles to the instant case, the Court finds that Plaintiff's indemnity

claims against the United States, set forth in Counts I, II, III, and V of the Complaint, are legally

insufficient.  As an initial matter,  the "FTCA has long been interpreted to cover indemnity

claims."  *Espinoza v. Moreno*, No. 1:08-CV-00931, 2009 WL 3211006, *4 n.3 (E.D. Cal. Sept.

30, 2009).  In *Lockheed Aircraft Corp. v. United States*, the Supreme Court specifically held that

8

"[t]he Federal Tort Claims Act permits an indemnity action against the United States 'in the same manner and to the same extent' that the action would lie against 'a private individual under like circumstances.'"  460 U.S. 190, 198 (1983) (citing 28 U.S.C. § 2674); *see also Stencel Aero Eng'g Corp. v. United States*, 431 U.S. 666, 669-70 (1977) (citing *United States v. Yellow Cab Co.*, 340 U.S. 543 (1951)).

As a matter of substantive New Mexico law, however, indemnity is not available to Plaintiff against the United States under the circumstances of this case.  "New Mexico recognizes both traditional and proportional equitable indemnification." *Christus St. Vincent Reg'l Med. Ctr.*, 267 P.3d 70, 73 (N.M. Ct. App. 2011) (citation omitted).  "Traditional indemnification grants the person who has been held liable for another's wrongdoing an all-or-nothing right of recovery from a third party, as the primary wrongdoer."  *Id.* (citation omitted). "[P]roportional indemnification allows a defendant to seek partial recovery from another for his or her fault."  *Id.* (citation omitted).  Here, Plaintiff has invoked both theories in her claims of indemnity against Defendant.  The New Mexico Supreme Court "has explained that, under either theory, to state a claim for equitable indemnification, the indemnitor must be at least partly liable to the original plaintiff for his or her injuries."  *Id.* (citation omitted).  "In other words, a properly pled indemnity claim must allege that the defendant [or indemnitor] caused some *direct harm* to a third party and that the plaintiff or [indemnitee] discharged the resulting liability from this harm."  *Id.* (emphasis in original; citation omitted).  "This doctrinal point is . . . determinative." *Id.*  The right to be indemnified thus "is based on the difference between direct and vicarious liability." *Collins v. United States*, 564 F.3d 833, 837 (7th Cir. 2009).

Here, Plaintiff does not allege that the United States caused any direct harm to a third party.  Rather, Plaintiff alleges that Yates-Eamick, acting within the scope of her employment as

9

a deemed federal employee, caused direct harm to a third party, namely Likite.  Plaintiff further

alleges that, in the Likite Action, Plaintiff, as Yates-Eamick's principal, discharged the liability

that resulted from the harm caused by Yates-Eamick, as its agent.  Accordingly, Yates-Eamick

was the allegedly "active wrongdoer[], not [her] employer the United States."  *Nat'l Indem. Co.*

*v. United States*, 444 F. Supp. 1356, 1360 (C.D. Cal. 1977), *aff'd sub. nom*, *Rudelson v. United*

*States*, 602 F.2d 1326 (9th Cir. 1979).  In contrast, the conduct of the United States was

"passive," and any liability attributable to it was vicarious, "based on the doctrine of respondeat

superior."  *Id.*

The same can be said of Plaintiff, whose conduct was also passive, and whose vicarious

liability in the Likhite Action stemmed from the wrongdoing of Yates-Eamick, as its agent.  The

symmetry of Plaintiff's and the United States' positions defeats Plaintiff's appeal to the

indemnity rule, "which is based on the superior ability of the agent who commits the tort to have

avoided committing it by the exercise of due care, compared to [her] employer, who is liable for

the tort only by virtue of being the original tortfeasor's employer."  *Collins*, 564 F.3d at 837.

Here, because both the United States and Plaintiff "are free from active fault, . . . equity would

not require that the burden of loss be shifted from one blameless party to another."  *Nat'l Indem.*,

444 F. Supp. at 1360.  Indeed, under New Mexico law, indemnity is not permitted in a case such

as this, "where the tortfeasors are *in pari delicto* or negligent in an equal degree." *Trujillo v.*

*Berry*, 738 P.2d 1331, 1333 (N.M. Ct. App. 1987) (citation omitted).  This is only logical, as "[a]

rule which permitted a vicariously liable [Plaintiff] to shift its loss to a vicariously liable United

States would be unworkable because [Plaintiff's] right to shift the loss would be neutralized by

the right of an equally blameless United States to shift it back."  *Nat'l Indem.*, 444 F. Supp at

1360.

For these reasons, New Mexico law affords Plaintiff no right of indemnity against the United States under the circumstances here.  Counts I, II, III, and V of the Complaint thus must be dismissed pursuant to Rule 12(b)(6).

2.      Restitution Claim

Count IV of Plaintiff's Complaint alleges a claim of "restatement of restitution and unjust enrichment."  Specifically, Plaintiff alleges that "Defendants' refusal to defend and/or otherwise participate [in the Likhite Action] constitutes estoppel and waiver."  Doc. 1 at ¶ 35.  Further, Plaintiff alleges that "Defendants knowingly benefitted from Plaintiff's defense, defense expenditures, and settlement."  *Id.*

First, to the extent that Plaintiff's claim is one for restitution for unjust enrichment, it is not cognizable under the FTCA, as it does not sound in tort.  *Golden Pac. Bancorp v. Fed. Deposit Ins. Corp.*, No. 95 Civ. 9281, 1997 WL 626374, *1 (S.D.N.Y. Oct. 7, 1997).  New Mexico courts "have indicated that restitution for unjust enrichment is equitable in nature." *Arena Res., Inc. v. Obo, Inc.*, 238 P.3d 357, 361 (N.M. Ct. App. 2010).  Accordingly, in its unjust enrichment claim, Plaintiff seeks not money damages, but rather an equitable remedy. The FTCA, however, specifically makes the federal government amenable to suit in civil actions "for money damages" caused by the tortious acts of its employees.  28 U.S.C. § 1346(b). Accordingly, by its terms, the FTCA does not permit a claim for restitution for unjust enrichment.  Indeed, Plaintiff has pointed to no precedent interpreting the FTCA to permit such an equitable claim, and this Court has found none.  Moreover, Plaintiff has failed to establish any alternative jurisdictional basis for this Court to hear its equitable claim for unjust enrichment. Accordingly, Count IV of the Complaint fails to state a claim of restitution for unjust enrichment.

11

Second, to the extent that Plaintiff's claim is one for estoppel, "winning an equitable estoppel argument against the government is a tough business." *Wade Pediatrics v. Dep't of Health and Human Servs.*, 567 F.3d 1202, 1206 (10th Cir. 2009). "In addition to requiring the traditional elements of estoppel, [the Court] require[s] the party claiming estoppel to show affirmative misconduct on the part of the government; mere erroneous advice will not do." *Id.* (citation omitted). The traditional elements of estoppel are: (1) the party to be estopped must have known the facts; (2) that party must have intended that its conduct would be acted on or must have acted such that the party asserting estoppel had a right to believe it was so intended; (3) the asserting party must have been ignorant of the true facts; and (4) the asserting party must have relied on the other party's conduct to his injury. *Id.*

Here, Plaintiff has alleged no affirmative misconduct on the part of the United States. Further, Plaintiff has not alleged the traditional elements of estoppel. To the contrary, the Complaint specifically alleges that no one ever responded to Plaintiff's letter to Presbyterain "assert[ing] its legal rights for indemnity in the event it is held legally liable for the conduct" of Yates-Eamick." Doc. 1 at ¶ 14. Further, the Complaint alleges that neither Presbyterian nor the United States at any time offered "to appear, defend, . . . [or] contribute to" a settlement of the Likhite Action. *Id.* at ¶ 17. Accordingly, Plaintiff could not possibly have relied on any conduct (or misconduct) of the United States, or any of its agents or employees, in deciding to settle the Likhite Action. Count IV of the Complaint thus fails to state a claim of estoppel.

### 3.    FSHCAA Claim

In Count VI of the Complaint, Plaintiff alleges that Presbyterian was a federally funded community health care organization under the auspices of the Health Resources and Services Administration, a division of HSS. Doc. 1 at ¶ 43. Plaintiff further alleges that, because Yates-

Eamick was an employee of Presbyterian, under the FSHCAA, she was deemed to be a federal employee. *Id.* at ¶¶ 44-45.  Based on these allegations, Plaintiff alleges entitlement to reimbursement for the costs of defending the Likhite Action.  *Id.* at ¶ 46.

Plaintiff's allegations misunderstand the significance of the fact that Yates-Eamick is deemed to be a federal employee under the FSHCAA.  The FSHCAA "provides that the Secretary of Health and Human Services may deem an entity and an employee of an entity to be an employee of the U.S. Public Health Service."  *Mitchell v. Golden Valley Med. Ctr.*, No. CV-F-06-1742, 2007 WL 1223667, *3 (E.D. Cal. Apr. 25, 2007) (citing 42 U.S.C. § 233(g)).  Deemed employees "enjoy the procedural and substantive protections of the FTCA," including the substitution of the United States as a defendant in any lawsuit.  *Santos v. United States*, 523 F. Supp. 2d 435, 437-38 (M.D. Pa. 2007), *rev'd on other grounds*, 559 F.3d 189 (2009).  In other words, the FSHCAA protects deemed employees from personal liability for negligent or wrongful acts or omissions while acting within the scope of their employment, by providing that the United States assumes such liability pursuant to the FTCA.  *Mitchell*, 2007 WL 1223667, at *3.

Like the FTCA itself, the FSHCAA does not create a substantive cause of action against the United States.  Rather, it creates a process by which health care practitioners, like Yates-Eamick, may be deemed employees of the United States for purposes of the FTCA.  *Lomando*, 667 F.3d at 371.  In turn, the FTCA provides a mechanism for bringing a state law tort action against the United States.  *Id.* at 372.  Accordingly, while the undisputed fact that Yates-Eamick was deemed a federal employee under the FSHCAA provides a statutory basis for Plaintiff to bring an FTCA action, it does not create a substantive cause of action against the United States.  Rather, the cause of action "must come from state tort law."  *CNA v. United States*, 535 F.3d

132, 141 (3d Cir. 2008).  Here, Plaintiff's FSHCAA claim includes no allegations of a

substantive state tort law claim.  For this reason, Count VI of the Complaint fails to state a claim

upon which relief can be granted.

## CONCLUSION

Because Plaintiff failed to name the United States as defendant in this FTCA action, the

Court lacks subject matter jurisdiction.  Further, indemnity is not available to Plaintiff against

the United States under the circumstances of this case and, accordingly, Counts I, II, III and V of

the Complaint fail to state a claim.  Similarly, Count IV of the Complaint fails to state a claim of

either restitution for unjust enrichment or estoppel.  Finally, Count VI of the Complaint includes

no allegations of a substantive cause of action, and thus fails to state a claim.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Pursuant to Fed.

R. Civ. P. 12(b)(1) and/or 12(b)(6) or, in the Alternative, Motion for Summary Judgment

Pursuant to Fed. R. Civ. P. 56(b) and Supporting Memorandum of Law [Doc. 27] is

**GRANTED**, as follows: this case is dismissed for lack of subject matter jurisdiction, Fed. R.

Civ. P. 12(b)(1), and for failure to state a claim upon which relief can be granted, Fed. R. Civ. P.

12(b)(6).


DATED this 28th day of March, 2012.


_____
MARTHA VÁZQUEZ
United States District Court Judge